Emmett J. STEBBINS, on behalf of himself and all others similarly situated, Appellant,

v.

The CONTINENTAL INSURANCE COMPANIES et al.

No. 23885.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 16, 1970.

Decided March 1, 1971.

As Amended March 23, 1971.

---

Mr. Emmett J. Stebbins, appellant pro se.

Mr. Joseph M. Roulhac, Baltimore, Md., with whom Mr. Allan C. Swingle, Washington, D. C., was on the brief, for appellees.

Mr. Robert Fitzpatrick, Atty., Equal Employment Opportunity Commission, of the bar of the U. S. District Court for the District of Columbia, pro hac vice, by special leave of Court, with whom Mr. Russell Specter, Deputy General Counsel, Equal Employment Opportunity Commission, was on the brief, for the Equal Employment Opportunity Commission as amicus curiae. Mr. Philip Sklover, Atty., Equal Employment Opportunity Commission, also entered an appearance for amicus curiae.

Before BAZELON, Chief Judge, MacKINNON, Circuit Judge, and CHRISTENSEN,* U. S. District Judge, District of Utah.

PER CURIAM:

This appeal involves certain procedural sections of Title VII of the Civil Rights Act of 1964,[1] which provide the following. A complaint of racial discrimination in employment must be filed with the Equal Employment Opportunities Commission (EEOC) within 90 days after the alleged unlawful act.[2] The Commission must investigate the complaint and determine whether there is reasonable cause to believe that Title VII was violated. If so, the EEOC must attempt to conciliate the claim, using "informal methods of * * * persuasion."[3] However, if within 60 days after filing "the Commission has been unable to obtain voluntary compliance with [Title VII], the Commission

---

* Sitting by designation pursuant to 28 U.S.C. § 292(c).

1. 42 U.S.C. § 2000e to e–15 (1964).

2. *Id.* § 2000e–5(d).

3. *Id.* § 2000e–5(a).

shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought. * * *" [4]

Appellant Stebbins filed a charge with the EEOC on May 26, 1969, alleging that he had been denied the position of claims adjuster by appellee Continental Insurance on racial grounds.[5] On August 26, 1969, appellant filed this suit without having been notified by the Commission that it had "been unable to obtain voluntary compliance." This notification is commonly referred to as the "notice of right to sue." The District Court dismissed for lack of jurisdiction on the ground that notice is a prerequisite to an action under Title VII. We affirm.

### I

Appellant's sole claim is that the notice of right to sue is not a condition precedent to a suit in the District Court. We interpret his *pro se* brief—which is not a model of clarity—to raise two arguments in support of his position:

(1) First, that the notice is unnecessary because Title VII does not require any resort to the Commission's processes before a civil action can be maintained. Appellant points out that Title VII contains no explicit bar to a court action without prior recourse to the EEOC,[6] and that the floor manager of the Civil Rights Act apparently thought that direct access to the courts was permissible.[7] The legislative history of Title VII, however, has aptly been labeled "chaotic" [8] and there are authoritative statements on both sides of the question of direct access to the courts.[9] Moreover, "Congress established comprehensive and detailed procedures to afford the EEOC the *opportunity* to attempt by administrative action to conciliate and mediate unlawful employment practices with a view to obtaining voluntary compliance." [10] This legislative scheme would be undercut if an individual could bypass the Commission at will. We therefore agree with the prevailing view that, in the absence of special circumstances,[11] the notice of right

---

4. *Id.* § 2000e–5(e). The statute actually grants the Commission only thirty days to attempt to seek voluntary compliance, but provides that the EEOC may extend the period to 60 days where it believes that additional efforts are warranted. *Id.* By regulation the time for processing all cases has been extended to 60 days. 29 C.F.R. § 1601.25a(a) (1970).

5. Both appellant and the EEOC, *amicus curiae,* state in their briefs that appellant filed a charge with the Commission. We have been unable to find any support for this statement in the complaint or elsewhere in the record. However, since appellee has not challenged appellant's statement of the facts, and since it makes no difference to the outcome, we assume *arguendo* that a timely charge was filed with the EEOC.

6. *Compare* the Age Discrimination in Employment Act, 29 U.S.C. § 626(d) (Supp. V, 1970), which expressly prohibits a civil action by a private party unless the Secretary of Labor is given 60 days notice, during which time he is to attempt to conciliate.

7. *See* the remarks of Senator Humphrey in 110 Cong.Rec. 14,188 (1964).

8. Hall v. Werthan Bag Corp., 251 F.Supp. 184, 186 (M.D.Tenn. (1966).

9. *Compare* Senator Humphrey's remarks, *supra* note 7, *with, e. g.,* those of Senator Morse, 110 Cong.Rec. 14,190, and of Senator Saltonstall, *id.* at 12,690. *See also* Berg, Equal Employment Opportunity Under the Civil Rights Act of 1964, 31 Bklyn.L.Rev. 62, 83 n. 39 (1964); *Comment,* Enforcement Under the Civil Rights Act of 1964, 32 U.Chi.L.Rev. 430, 456 (1965).

10. Stebbins v. Nationwide Mut. Ins. Co., 382 F.2d 267, 268 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968) (emphasis in original).

11. Several courts have held that membership in a Title VII class action is not limited to those who have filed a complaint with the EEOC, *see* Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 720 (7th Cir. 1969); Miller v. International Paper Co., 408 F.2d 283, 284–285 (5th Cir. 1969). For the argument that Title VII permits the EEOC to be by-passed where the employee is threatened with irreparable harm, see Note, Discrimination in Employment and in Housing:

to sue is a jurisdictional prerequisite to suit.[12]

(2) Second, that he complied with the requirement of initial resort to the Commission by filing a complaint with the EEOC, and waiting the statutory 60 days before filing a timely court action; and that since the statute requires the Commission to give notice of its inability to obtain voluntary compliance, its failure to do so cannot bar his suit.

■ It is true that the EEOC does not automatically issue the notice when the 60 day period ends. But a Commission regulation provided that the notice would be issued upon the request of the charging party.[13] This regulation is justified on the following ground: the statutory period of limitations within which a court action may be brought (30 days) commences when the notice is received by the charging party.[14] As a practical matter the EEOC usually cannot reach a complaint within the short period allowed by the statute (60 days).[15] Hence, automatic issuance of the notice would force the charging party to choose between waiting for the agency to reach his complaint, thereby losing his ultimate court remedy, and immediately instituting a court action, perhaps thereby abandoning hope for voluntary

compliance. The EEOC regulation thus furthers "the statutory scheme * * * by allowing conciliation attempts to continue as long as they may appear fruitful, while at the same time giving either the aggrieved party or the respondent the right to precipitate the EEOC action of notification * * *."[16] The regulation is therefore "within the power of the EEOC to supplement the statutory scheme and in accord with congressional intent."[17]

■ Appellant has never claimed that it is a hardship for him to seek the required notice, nor has he claimed that the Commission refused to give the notice. In these circumstances the notice was a jurisdictional requirement.[18]

## II

We have been urged in a very able *amicus curiae* brief by the EEOC to hold that the District Court had jurisdiction under the 42 U.S.C. § 1981 (1964), which provides in part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed by white citizens. * * *" The Commission argues that this statute creates a cause of action for racial dis-

Private Enforcement Provisions of the Civil Rights Acts of 1964 and 1968, 82 Harv.L.Rev. 834, 852–855 (1969).

12. *E. g.*, Stebbins v. Nationwide Mut. Ins. Co., *supra* note 10; Johnson v. Seaboard Airline RR Co., 405 F.2d 645, 652 (4th Cir. 1968), cert. denied, Pilot Freight Carriers, Inc. v. Walker, 394 U.S. 918, 89 S.Ct. 1189, 22 L.Ed.2d 451 (1969); Miller v. International Paper Co., *supra* note 11. *See also* Note, A Primer to Procedure and Remedy Under Title VII of the Civil Rights Act of 1964, 31 U.Pitt. L.Rev. 407, 417 (1970).

13. 29 C.F.R. § 1601.25a(b) (1970) since amended, 36 Fed.Reg. 2506 (Feb. 5, 1971).

14. 42 U.S.C. § 2000e–5(e) (1964). *See, e. g.*, Goodman v. City Products Corp., 425 F.2d 702, (6th Cir. 1970) (suit barred where charging party filed action 31 days

after receiving notice); Miller v. International Paper Co., *supra* note 11, 408 F.2d at 287.

15. *See* Note, *supra* note 11 at 849 & n. 77 (1969).

16. Cunningham v. Litton Industries, 413 F.2d 887, 891 (9th Cir. 1969).

17. *Id.* at 891 n. 3. *Cf., e. g.*, Maryland Casualty Co. v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 64 L.Ed. 297 (1920); Allstate Ins. Co. v. United States, 329 F.2d 346, 349 (7th Cir. 1964).

18. *See* Cox v. United States Gypsum Co., 409 F.2d 289, 291 (7th Cir. 1969); Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399, 403 (5th Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359–361 (7th Cir. 1968); Miller v. International Paper Co., *supra* note 11, 408 F.2d at 287–288 & n. 18.

crimination in private employment,[19] and permits an individual to go directly to court with his claim. We are urged to refuse to follow Waters v. Wisconsin Steel Works, which held that jurisdiction under this statute exists only when the complainant has "a reasonable excuse" for by-passing the EEOC.[20]

It is tempting indeed to reach this interesting and important question. But appellant, an experienced *pro se* litigator, has steadfastly maintained that his sole claim is that the notice of failure to obtain voluntary compliance is not a prerequisite to jurisdiction under Title VII. Neither he nor appellee has briefed the question of jurisdiction under 42 U.S.C. § 1981. In the absence of a full exposition of the problems involved, we decline the invitation to reach beyond the single issue presented to us by appellant.

Affirmed.

---

19. *See, e. g.,* Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir.), certiorari denied 401 U.S. 948, 91 S.Ct. 935, 28 L. Ed.2d 231 (1971) ; Waters v. Wisconsin Steel Works, 427 F.2d 476 (7th Cir.), cert. denied *sub nom.* International Harvester Co. v. Waters, 400 U.S. 911, 91 S. Ct. 137, 27 L.Ed.2d 151 (1970) ; Dob-

bins v. Local 212, I.B.E.W., 292 F.Supp. 413 (S.D.Ohio 1968). *But see* Cook v. Advertiser Co., Inc., 323 F.Supp. 1212 (M.D.Ala., Jan. 15, 1971) (section 1981 applies only to state action).

20. *Supra* note 19 at 487.