**Judy MARTORELL, Plaintiff,**

**v.**

**PAN AMERICAN WORLD AIRWAYS, Defendant.**

**Nilda PADILLA, Plaintiff,**

**v.**

**NORTH CAY AIRWAYS, INC., Defendant.**

**Civ. Nos. 398–72, 399–72.**

United States District Court,
D. Puerto Rico.

May 23, 1972.

George L. Weasler and Pedro Purcell Ruiz, Santurce, P. R., for Judy Martorell.

Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas, Hato Rey, P. R., for Pan American.

George L. Weasler and Pedro Purcell Ruiz, Santurce, P. R., for Nilda Padilla.

Pieras & Torruellas, Hato Rey, P. R., for North Cay Airways.

**ORDER**

TOLEDO, District Judge.

We are consolidating our decision to dismiss for lack of jurisdiction in both cases, since they present identical grounds which adequately dispose of this matter. The relevant facts are undisput-

ed. In Civil Case Number 398–72, plaintiff Judy Martorell brings a civil rights' suit alleging that on or about June 4, 1970 and subsequently thereto, she was separated from her employment as a stewardess for defendant Pan American World Airways, due to pregnancy, and that such action constitutes a discrimination which deprives her of her civil rights as guaranteed by Title VII of the Civil Rights Act, 42 United States Code Annotated 2000e–2 et seq. On May 18, 1972, the defendant filed a Motion to Dismiss, alleging, among other things, that this Court lacks jurisdiction under Section 2000e–5, 42 United States Code Annotated, because defendant at present has not exhausted the remedies provided under law to pursue before the Equal Employment Opportunities Commission a voluntary settlement of plaintiff's grievance. The record shows that plaintiff Martorell filed a complaint with the Equal Employment Opportunities Commission on March 20, 1972. As of this date, no notice from the Equal Employment Opportunities Commission has been received by plaintiff, stating either that reconciliation efforts are underway seeking a voluntary compliance by the employer, or that such efforts have proved fruitless and that plaintiff may proceed to file a civil action in a court with jurisdiction. The present suit was filed on May 2, 1972, or 43 days after the filing of the complaint before the Equal Employment Opportunities Commission.

In civil case Number 399–72, plaintiff Nilda Padilla alleges that on March 10, 1972, she was separated from her employment as a ticket clerk with defendant North Cay Airways, Inc., due to her present state of pregnancy, and that said action violated her civil rights. A motion to dismiss was also filed in this case on the same grounds as the motion presented in the Martorell case, supra. In this case, a complaint was filed with the Equal Employment Opportunities Commission on March 27, 1972 and no notice was ever received from the Equal Employment Opportunities Commission. The present suit was also filed on May 2, 1972, or 26 days after requesting Equal Employment Opportunities Commission action.

Section 2000e–5(e) of 42 United States Code Annotated, governs the course of a complaint before the Equal Employment Opportunities Commission.[1] The requirement that the Commission notify the claimant of failure to obtain voluntary compliance by the employer has been interpreted to be a judicial prerequisite to suit. Dent v. St. Louis-San Francisco Ry. Co., 406 F.2d 399 (5 Cir., 1969); Stebbins v. Continental Insurance Co., 143 U.S.App.D.C. 121, 442 F.2d 843 (1971). This section provides a 60-day period to be counted from the date of filing before the Equal Employment Opportunities Commission during which, the Equal Employment Opportunities Commission is expected to act in order to secure voluntary compliance by the employer. "Congress established comprehensive and detailed procedures to afford the opportunity to attempt by administrative action to conciliate and mediate unlawful employment practices with a view to obtaining voluntary compliance." Stebbins v. Nationwide Mutual Ins. Co., 382 F.2d 267, 268 (4 Cir., 1967).

In the present cases both plaintiffs have filed their suits in this Court before the maximum 60-day period con-

---

1. (e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

templated in the statute for Equal Employment Opportunities Commission action has expired. These complaints were, therefore, prematurely filed before this Court.

Whether or not, after the 60-day period has expired, an action can be instituted without the required "right to sue" notice also contained in the statute, is an issue which we at present cannot decide. There seems to exist some authority to conclude that under certain circumstances the absence of the notice does not bar filing of suit. See Stebbins v. Continental Insurance Co., supra. But, we are not confronted at the present time with this issue.

It is, therefore, ordered, that cases 399–72 and 398–72 be dismissed for lack of jurisdiction.

It is so ordered.