Dolores J. COPELAND, Plaintiff,

v.

Peter J. BRENNAN et al., Defendants.

Civ. A. No. 74–1822.

United States District Court,
District of Columbia.

May 9, 1975.

Mary McReynolds, John H. Harwood, II, Washington, D. C., for plaintiff Copeland.

Paul M. Tschirhart, Asst. U. S. Atty., Washington, D. C., for defendant Secretary of Labor.

## MEMORANDUM AND ORDER

GESELL, District Judge.

In this class action a female computer specialist employed by the United States Department of Labor claims that she and others similarly situated have been discriminated against on account of their sex in the selection of persons for promotion to the managerial level. The Government moves for judgment on the pleadings on the ground that the Court lacks subject matter jurisdiction since the complaint was not filed "within thirty days of receipt of notice" of final agency action on the complaint as required by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c). The key facts surrounding this issue, which concerns Count I of the complaint only, are not in dispute and the matter has been fully briefed and argued.

Plaintiff began the process of raising her discrimination complaint within the agency more than two years ago, in April, 1973. Despite the requirement in 5 C.F.R. § 713.-220 that "the complaint [be] resolved within 180 calendar days," the Department did not submit its proposed disposition to Ms. Copeland until June 11, 1974. Since she was not fully satisfied with the partial relief the agency proposed, Ms. Coleman requested an administrative hearing pursuant to 5 C.F.R. § 713.217(b)(2).

At that point, an unfortunate series of misunderstandings arose. The Civil Service Commission informed plaintiff's counsel in August, 1974, that the file was being returned to the Department of Labor since the agency's proposed disposition did not address all of the issues contained in the complaint. On September 5, 1974, a letter was sent to plaintiff and her counsel containing the agency's second proposed disposition, which was substantially identical to the earlier version but which now formally addressed all the issues, and the form instructing her that if she was unsatisfied she must request a hearing within 15 days.

According to the undisputed affidavit of plaintiff's counsel, a telephone call was then made to the Department of Labor to inquire whether another request for hearing had to be made, since one such request had already been made and there had been no substantial changes in the relief the agency offered. Plaintiff's counsel was assured that it was unnecessary to refile a request for hearing and so did not do so. However, thereafter the agency apparently treated the hearing as waived and on November 7, 1974, sent a letter to plaintiff telling her that the proposed disposition had become final and that she had a right to "file a civil action in an appropriate U. S. District Court within thirty (30) calendar days of receipt of this decision." The return receipt signed by Ms. Copeland indicates that letter was received on November 12, 1974. This action was not filed until December 13, 1974, thirty-one days later. See Fed.R.Civ.P. 6(a).

Although the regulations required it to do so,* the agency never sent a copy of the November 7 letter to plaintiff's counsel who had been actively representing her and who continued to expect an administrative hearing would soon be scheduled as she had been advised. On four separate prior occasions, the agency had been requested, in writing, to communicate directly with plaintiff's counsel and had in the past done

* 5 C.F.R. § 713.221(b)(1) requires the agency decision be transmitted by letter to "the complainant and his representative." It is made applicable to the November 7 letter by 5 C.F.R. § 713.217(c).

so. Plaintiff's counsel received no notice of the final disposition until December 11, 1974, when Ms. Copeland sent counsel the November 7 letter along with a packet of other papers. Ms. Copeland then incorrectly informed her lawyers that she had received the notice November 13, rather than November 12, as the receipt now discloses, so counsel did not file the complaint in this action until December 13.

■ There can be no doubt that the thirty-day filing requirement contained in 42 U.S.C. § 2000e–16(c), like its counterpart in 42 U.S.C. § 2000e–5(f)(1), is jurisdictional. *Kurylas v. Dept. of Agriculture*, 373 F.Supp. 1072 (D.D.C.1974); *Roney v. Saxbe*, 380 F.Supp. 1191 (D.D.C.1974); *see also Stebbins v. Continental Ins. Co.*, 143 U.S. App.D.C. 121, 442 F.2d 843 (1971). Plaintiff does not contest this proposition, but instead argues that since notice was never sent to her counsel as required by the regulations, the thirty-day period cannot be considered to have run.

■ Although the procedural requirements of the Act are to be liberally construed in order to effectuate its purposes, a court lacks the power to extend, even by a few days, the statutory time limit for filing. *See Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir. 1973). Nonetheless, the statutory language that the thirty-day period begins to run upon "receipt of notice" is ambiguous as to the precise attributes of "notice." *Cf. Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974). This gap has been filled by the Civil Service Commission regulations which require notice to be in writing and to be directed to both the complainant and his or her representative. 5 C.F.R. § 713.221(b)(1). Such interpretative regulations construing a statute by the agency charged with its enforcement are entitled to great weight. *See Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 210, 93 S.Ct. 364, 367, 34 L.Ed.2d 415, 419 (1972).

■ Moreover, the requirement that notice be sent to the attorney for a party represented by counsel is in accord with the general law and practice. *See, e. g.*, Fed.R. Civ.P. 5(b); 5 U.S.C. § 500(f); A.B.A., *Code of Professional Responsibility*, DR 7–104 (1970). It is also a practical necessity if the thirty-day filing requirement is not to become an unintended procedural booby-trap. The Court therefore holds that a party is not in "receipt of notice" for purposes of calculating the thirty-day period prescribed by 42 U.S.C. § 2000e–16(c) until his or her representative has also been served with notice in accordance with the regulations. *Cf. Fortner v. Balkcom*, 380 F.2d 816 (5th Cir. 1967); *In re Hewitt Grocery Co.*, 33 F.Supp. 493 (D.Conn.1943).

Plaintiff also claims that the second decision issued by the agency was invalid since there is no authority in the regulations for the Civil Service Commission to return a complaint to the agency after a hearing has been requested, the request for hearing was still in effect and no valid final action is involved, thus enabling plaintiff to invoke 42 U.S.C. § 2000e–16(c), 180 days having elapsed. The Court cannot accept this premise in the light of 5 C.F.R. § 713.218(b) which specifically authorizes a remand to the agency for "further investigation." However, when the agency, after further investigation, determines not to change the relief originally offered the complainant, the regulations are silent as to whether a hearing must be re-requested. Ms. Copeland's attorney was advised informally by the agency that no such request was necessary. These circumstances, while perhaps insufficient to raise an estoppel against the Government, do further illustrate the necessity for requiring that all documents which materially affect a complainant's rights be served on her attorney.

The Government's motion for judgment on the pleadings is denied as to Count I.

As to Count II alleging a cause of action based on Executive Order No. 11478, the Government's motion for judgment on the pleadings is granted on the authority of *Gnotta v. United States*, 415 F.2d 1271 (8th Cir.), *cert. denied*, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970).

Count I is hereby severed for trial before the issues raised in Counts III and IV relating to individual claims.

Plaintiff's motion for class certification pursuant to Local Rule 1–13(b) as to Count I shall be filed within ten days of the date of this Memorandum and Order.

SO ORDERED.