Coleman McCALL and Daniel Seymore

v.

Mary T. BROOKS, Nicholas G. Theodore, and William E. Simon.

Civ. A. No. 75–3659.

United States District Court, E. D. Pennsylvania.

June 6, 1977.

Harry D. Shargel, Techner, Rubin, Shapiro, Silverstin & Slass, Philadelphia, Pa., for plaintiffs.

William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION AND ORDER

EDWARD R. BECKER, District Judge.

### I. *Preliminary Statement*

This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*[1] The plaintiffs are

---

1. In particular, plaintiffs rely upon § 2000e–16 (and indirectly upon § 2000e–5). Section 2000e–16 provides in pertinent part as follows:

   (a) All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) . . . in executive agencies (other than the General Accounting Office) as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds) . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin.

   (b) Except as otherwise provided in this subsection, the Civil Service Commission shall have authority to enforce the provisions of subsection (a) of this section through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section, and shall issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section. . . .
   The head of each . . . department, agency, or unit shall comply with such rules, regulations, orders, and instructions which shall include a provision that an employee or applicant for employment shall be notified of any final action taken on any complaint of discrimination filed by him thereunder. . . .

   (c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a com-

Coleman McCall and Daniel Seymore, employees of the United States Treasury Department at the United States Mint in Philadelphia. The defendants are Mary T. Brooks, Mint Director, Nicholas G. Theodore, Mint Superintendent, and the Secretary of the Treasury. The plaintiffs each allege racial discrimination in the denial of an appointment to the position of foreman, based on purposefully discriminatory changes in selection standards. This Opinion addresses the questions raised by the defendant's motion to dismiss on the ground that plaintiffs failed to file their district court action within thirty days of receipt of notice of final action as prescribed in 42 U.S.C. § 2000e–16(c). We must first set forth the complex circumstances giving rise to defendants' motion.

On June 6, 1975, the Treasury Department made its decision to reject plaintiffs' discrimination claim. Notice of that decision was received by McCall and Seymore on June 10 and 11, 1975 respectively. The notice letters from the Treasury Department included the following paragraph:

You have the right to appeal this decision to the U.S. Civil Service Commission, Appeals Review Board, Washington, D.C. 20415. Your appeal must be in writing, signed by you, and received in that office within fifteen (15) calendar days of the receipt of this letter; or, if you wish, you may file a civil action in an appropriate U.S. District Court within thirty (30) calendar days of the receipt of this letter.

Plaintiffs' appeal to the Civil Service Commission Board of Appeals (Board), however, was not sent until July 1, 1975, several days after the 15 day period had passed.[2] That appeal was sent to the Board by the plaintiffs' non-lawyer union representative, Jeffrey Williams (this procedure is apparently common in the administrative complaint and review process). The appeal included an explanation that the lateness in filing resulted from Mr. Williams' inability to obtain a copy of the Treasury Department's decision due to the occurrence of a death in the family of one of the complainants and a two-week vacation by the other.

On November 18, 1975, notwithstanding the proffered explanation for late filing, the Board rejected the plaintiffs' appeal as untimely filed even though under 5 C.F.R. § 713.233(b) the Board had the power to extend the fifteen day filing period of § 713.233(a) in accordance with the following standard:

(b) The time limit in paragraph (a) of this section may be extended in the discretion of the Appeals Review Board, upon a showing by the complainant that he was not notified of the prescribed time limit and was not otherwise aware of it or that circumstances beyond his control prevented him from filing an appeal within the prescribed time limit.

Within thirty days of the November 18, 1975, decision, the plaintiffs, now represented by counsel, filed their action in this court.

On September 13, 1976, after a hearing on defendants' motion to dismiss the complaint as time barred, we entered an order remanding this case to the Board: (1) to determine whether the plaintiffs themselves, in addition to their union representa-

---

plaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as pro-

vided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

. . . . .

**2.** This fifteen day period is provided for in 5 C.F.R. § 713.233(a) (1975):

Except as provided in paragraph (b) of this section, a complainant may file an appeal at any time after receipt of his agency's notice of final decision on his complaint but not later than 15 calendar days after receipt of that notice.

tive, had been given a subsequent opportunity in September of 1975 to provide a further explanation of the reasons for their late appeals (see n. 4), and (2) to consider again whether the plaintiffs had an acceptable excuse. Thereafter, plaintiffs' counsel, in response to a letter from the Board (pursuant to the remand), provided the Board with an affidavit by Jeffrey Williams stating that as plaintiffs' union representative he never received from the agency a copy of its decision letter of June 6, 1975. Counsel for plaintiffs also argued that the agency departed from ordinary practice in failing to give Williams notice, and that such failure contributed to the lateness in the filing of the appeals. It further appeared in Williams' affidavit that a death in Seymore's family occurred around, but not during, the appeal period; that McCall was on sick leave from June 12 to June 16, 1975 (his appeal period commenced on June 10 but did not terminate until June 25); and that Williams himself was on administrative leave from June 23 through June 27, 1975.[3]

Upon reviewing the information as provided after our remand, the Board again found against plaintiffs stating that "the information of record does not establish that the complainants were prevented by circumstances beyond their control from filing a timely appeal."[4]

The defendants in their motion to dismiss argue that plaintiffs, having filed a late and unexcused appeal which was ultimately rejected by the Board, are also barred from proceeding judicially because the thirty-day period for filing the district court action began upon plaintiffs' receipt of the notice of the adverse Treasury Department decision on June 10 and 11, 1975. Counsel for plaintiffs argues, however, that the fifteen day period for appeal provided in 5 C.F.R. § 713.233(a) is invalid on the ground that it violates the intent of Congress in extending

Title VII to federal employees by unreasonably restricting and jeopardizing the ability of government employees, generally unskilled in the technical procedures and not usually represented by counsel, to proceed administratively without risking the sudden loss of the right to proceed judicially. However, because of the way in which we view the issues raised by defendants' motion to dismiss, we need not reach the issue of the validity of § 713.233(a), nor need we decide whether the Board abused its discretion by declining to extend the administrative appeal period.

Our view of the issues raised by defendants' motion is that they turn upon an interpretation of 42 U.S.C. § 2000e–16(c) as juxtaposed to 5 C.F.R. § 713.233(a) and (b) and upon the limited contents of the form of notice of adverse agency action and the peculiar circumstances of this case. As we see it, the ultimate question is whether the date of notice of "final action" from which the district court filing time should be measured is the date on which plaintiffs received notice of the employing agency action (by the Treasury Department) or the date on which they received the Board's notice of rejection of their late appeal. For the reasons expressed below, we conclude that the date on which the thirty-day period began in plaintiffs' case is the date of the receipt of notice of the Board's rejection of the administrative appeal as untimely.

## II. Discussion

According to the scheme set out in 42 U.S.C. § 2000e–16, a federal employee claiming discrimination in his employment must proceed initially with his complaint within the allegedly offending agency. Upon receipt of notice of a denial of relief from that agency, an appeal to the Civil Service Commission Board of Appeals may be filed within fifteen days or, alternative-

---

**3.** Plaintiffs also submitted supporting affidavits.

**4.** Board Decision, January 14, 1977, at p. 5. The Board's decision also noted that the failure of plaintiffs and their union representative to respond to a September 5, 1975 show cause

letter remained unexplained, although its January 14, 1977 decision is not based upon that circumstance. The show cause letter requested a more detailed explanation of the reasons for plaintiffs' lateness in filing their appeal.

ly, an action may be filed in district court within thirty days for a trial *de novo*. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976).

The defendants' contention is that an action by plaintiffs in this court is foreclosed under 42 U.S.C. § 2000e–16(c) because the "final action" which began the running of the statutory thirty-day period, in the absence of an acceptable appeal to the Commission, must be the Treasury Department decision received by plaintiffs respectively on June 10 and 11, 1975. The defendants thus argue that the plaintiffs in pursuing a late appeal chose to proceed administratively at the risk of losing their statutory right to a trial *de novo* in this court in the event the Board declined to accept that appeal. Despite its simplicity and ease of application, this argument would, we believe, under the facts of this case, allow 5 C.F.R. § 713.233(a) to encroach upon the substance of § 2000e–16. Congress in subsection (c) did indeed restrict the period for suit in district court to within thirty days following receipt of notice of final administrative action. However, the regulation's fifteen day rule, supplemented by the Board's discretionary power to excuse late appeals, logically tends to invite plaintiffs who may be just over the fifteen day Board appeal time, but still within thirty days of the receipt of notice of adverse action by the employing agency, to forego immediate district court consideration and pursue the administrative procedure in the belief that they may have acceptable excuses.[5]

In accordance with the Supreme Court's analysis in *Brown, supra*, we view the overall purpose of § 2000e–16 as providing complementary administrative and judicial remedies and not alternative remedies requiring an election of one at the expense of the other:

[the] unambiguous congressional perception seems to indicate that the congres-

sional intent in 1972 was to create an exclusive pre-emptive administrative and judicial scheme for the redress of federal employment discrimination. . . .

. . . . .

Section 717(b) and (c) [2000e–16(b) and (c)] establish complementary administrative and judicial enforcement mechanisms designed to eradicate federal employment discrimination.

*Id.* 425 U.S. at 828, 831, 96 S.Ct. at 1966–67. To the average federal employee who has proceeded unsuccessfully in his employing agency, exercising the right to an administrative appeal may often seem more desirable than filing suit in district court, for the administrative appeal process is simpler and less expensive and may produce a positive result which would obviate the need for further litigation. Accordingly, we believe that in defining the term "final action" in § 2000e–16(c) we should avoid a construction which would needlessly impose a risk of losing the right to proceed judicially upon those who proceed administratively within thirty days of notice of adverse employing agency action in the reasonable belief that the Board might be willing to excuse a late appeal.

In light of the foregoing statutory analysis, we cannot agree with defendants that the Board's fifteen day regulation can be given the effect which they urge, for to apply defendants' construction would be, as we have explained, to frustrate the substance of § 2000e–16 by forcing in some inappropriate circumstances a preclusive choice between administrative and judicial remedies. Furthermore, defendants' construction would allow a regulatory provision plainly designed for the control of appeals before the Civil Service Commission Board of Appeals to have a broad and significant effect upon matters wholly outside the Board's legitimate interest in orderly procedure. The Board might have a legiti-

---

5. It is quite clear, of course, that had the Appeals Review Board accepted the appeal in the instant case and then decided the matter on its merits adversely to plaintiffs, a suit filed within thirty days of receipt of notice of that decision would be properly before us. 42 U.S.C. § 2000e–16(c).

mate interest in having the appeals before it filed in the short fifteen day period, but it has no interest at all in precluding relief in district court.[6]

We thus conclude that where a federal employee seeks to exhaust his administrative appeal process, in reasonable reliance upon the acceptability of his excuse for a late appeal, and files a "late appeal" with the Board within thirty days after notice of adverse employing agency action, the time at which the § 2000e–16(c) thirty-day period for suing in the district court begins to run is not upon notice of the employing agency's decision but rather upon notice of the Board's rejection of the appeal as untimely. That notice is notice of "final action" within the meaning of § 2000e–16(c). We have qualified our holding by requiring that the late administrative appeal must have been filed within thirty days of notice of adverse employing agency action because to hold otherwise might appear to enable a claimant who has filed nothing within that period to obtain, eventually, a fresh thirty-day statutory period by seeking to have a late administrative appeal excused and then awaiting its rejection as untimely. We have also qualified our holding by requiring reasonable belief that a late appeal will be honored lest imprudent disregard of the regulatory deadline pointlessly confer addi-

tional time to obtain judicial review. Because we find the plaintiffs appealed to the Board late, but within thirty days of notice, in reasonable reliance upon an excuse for the untimeliness of the appeal (i. e., in the reasonable belief that a late appeal might under the circumstances be entertained), we hold that the action which they filed in this court within thirty days of the Board's rejection of the appeal is now properly before us.[7]

We are not unmindful in reaching this conclusion that the plaintiffs who proceeded administratively in this case did so without legal representation, as is common in the administrative setting.[8] And while there was a statement in the Treasury Department's notice of adverse decision that plaintiffs could appeal to the Board within fifteen days or file an action in federal court within thirty days, there was certainly nothing to explain the asserted hazard in seeking to have a late appeal excused via a procedure sanctioned by regulation. We surely cannot say in this case that plaintiffs knew or should have known that they risked the abandonment of their right to an action in federal court by testing whether their lateness could be excused; nor do we believe that the Civil Service Commission has the authority to create such a hazard.

---

6. We observe also that we are obliged to construe the regulation to reflect the intent of the enacting body, *Rucker v. Wabash R.R.*, 418 F.2d 146 (7th Cir. 1969); *United States v. Miller*, 303 F.2d 703 (9th Cir.), *cert. denied*, 371 U.S. 955, 83 S.Ct. 507, 9 L.Ed.2d 502 (1963); and to avoid a construction which raises doubt as to the regulation's validity, *Northern National Gas Co. v. O'Malley*, 277 F.2d 128 (8th Cir. 1960). Because by our interpretation here we construe 5 C.F.R. § 713.233(a) only to affect procedure before the Board of Appeals, we need not pass upon the validity of that rule in order to hold that it represents no obstacle to the action before us.

7. We do not by this holding suggest that a district court action filed within thirty days of the rejection on the merits of a plaintiff's administrative appeal is unacceptable where that appeal was filed more than thirty days after receipt of notice of adverse employing agency action but was excused by the Board in the exercise of its discretion under § 713.233(b).

8. In *Copeland v. Brennan*, 414 F.Supp. 644 (D.C.1975) (Gesell, J.), the court faced a situation in which a Title VII plaintiff failed to file her district court action within thirty days of the date of receipt of notice of final agency action. The court nevertheless permitted the action at a later filing date because, contrary to the Civil Service Commission regulations, the notice of final action was not sent to plaintiff's representative, an attorney. 5 C.F.R. § 713.-332(b)(1).

Even though plaintiff's layman representative has asserted, via uncontradicted affidavit, that he was never served with notice of final agency action by the Treasury Department, we need not in our decision rely upon this circumstance alone in the way in which *Copeland* did. But we wholly agree with Judge Gesell's purpose in preventing the filing requirement from becoming "an unintended procedural booby-trap." *Id.* at 646.

Given the circumstances presented in this case, we believe our result is consistent with the intent of Congress in § 2000e–16(c) and at the same time fully accommodates the legitimate interests expressed in the regulations of the Civil Service Commission, 5 C.F.R. § 713.233(a) and (b). Accordingly, an order denying defendants' motion to dismiss will follow.