826 F.2d 1059
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William I. FUNDERBURK, Plaintiff-Appellant,
v.
John LEHMAN, Secretary of the Navy; D. P. Donohue, Rear
Admiral U.S.N.; Commander, Norfolk Navy Shipyard; Eugene B.
Schull, Group SulDerintendent: Electrical Electronics Group,
Norfolk Navy Shipyard; Leonard A. Dinger; Production
Superintendent Shop 67; Electrical Electronics Group,
Norfolk Navy Shipyard; John R. Danchise; Nuclear
Coordinator Shop 67; William E. Owens, Foreman Electronics
Shop 67, Defendant-Appellees.
 No. 87-2014.
 United States Court of Appeals, Fourth Circuit.
 Argued June 30, 1987.
Decided Aug. 5, 1987.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. James C. Cacheris, District Judge. (CA-86-0317-N).
 George Edward Talbot, Jr., for appellant.
 Larry Shelton, Assistant United States Attorney (Henry E. Hudson, United States Attorney, on brief), for appellees.
 Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal raises issues of timeliness for filings under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. (1982). Appellant William Funderburk claims that his filing of an appeal with the Equal Employment Opportunity Commission (EEOC) 23 days after receiving notice of final adverse agency action should not have been deemed untimely, for one of several reasons: (1) Funderburk thought that an earlier appeal filed with the EEOC was still pending, and that the two actions could be combined in order to satisfy the 20-day filing requirement of 29 C.F.R. Sec. 1613.233 (1986); (2) in at least one case, an appeal to a district court has been allowed for a claimant whose EEOC appeal was disallowed as untimely, but who had a "reasonable belief" that the EEOC would waive the deadline for filing the appeal; or (3) Funderburk suggests that the government told him that "no additional action" was required on his behalf in connection with his appeal to the EEOC. Finding these reasons to be insubstantial, we affirm the dismissal of this case due to untimely filing.
 
 
 2
 Funderburk initiated the series of actions that culminated in this appeal by filing a formal complaint with the United States Department of Navy on November 30, 1981. The complaint alleged that Funderburk's placement in a nonwork status resulted from discrimination on the basis of physical handicap and reprisal. On February 22, 1985, the Navy issued a final decision denying Funderburk's claim of discrimination. Funderburk received the Navy's final decision on March 11, 1985, and the denial letter set forth the requirements for filing an appeal.
 
 
 3
 A federal employee who believes that he has been the victim of a discriminatory employment practice must first bring the matter to the attention of his agency's Equal Employment Opportunity Counselor within 30 days of the allegedly discriminatory act. He must then file a written complaint with the agency within 15 days of his final interview with the counselor. See 29 C.F.R. Sec. 1613.214(a) (1986). After filing the complaint with the agency, the employee may choose to proceed directly to federal court. Alternatively, the employee may wait for the agency's final decision and then file suit within 30 days after receiving notice of the final decision. See 42 U.S.C. Sec. 20OOe-16(c) (1982); 29 C.F.R. Sec. 1613.281(a)-(b) (1986).
 
 
 4
 The employee may also choose to appeal the agency's final decision to the EEOC. This was the route chosen by Funderburk. Such an appeal must be filed within 20 days after the employee receives notice of the agency's final decision. The date of filing is deemed to be the date that the letter is postmarked. See 29 C.F.R. Sec. 1613.233 (1986). The employee may then file suit in federal court after 180 days from the filing of the appeal with the EEOC, if the EEOC has not rendered a final decision. Alternatively, the employee may wait for the EEOC's final decision and then file suit within 30 days after receiving notice of the final decision. 42 u.S.C. Sec. 20OOe-16(c) (1982); 29 C.F.R. Sec. 1613.281(c)-(d) (1986).
 
 
 5
 Funderburk received notice of the Navy's final decision on March 11, 1985. His appeal to the EEOC was filed on April 3, 1985, three days beyond the 20-day filing limit. He filed a suit in the United States District Court for the Eastern District of Virginia on May 24, 1986.
 
 
 6
 The first reason Funderburk advances to excuse his late filing is that he believed he had a parallel appeal already pending before the EEOC, and he believed he should not be required to initiate another appeal within the 20-day limit. The parallel appeal that Funderburk thought was ongoing consisted of a filing made on June 11, 1984, that challenged a decision of his hearing examiner not to continue the hearing on Funderburk's original complaint with the agency. Whatever the status of this June 11, 1984, action before EEOC when Funderburk received notice in May, 1985, of the Navy's final action, it fails to satisfy the explicit timing requirements of the regulations:
 
 
 7
 Except as provided in paragraph (c) of this section, a complainant may file a notice of appeal at any time up to 20 calendar days after receipt of the agency's final decision on his or her complaint.
 
 
 8
 29 C.F.R. Sec. 1613.233(a) (1986) (emphasis added). Funderburk's earlier appeal, whether alive or not in May, 1985, was not filed after receipt of the agency's final decision. Funderburk's letter to the EEOC in April, 1985, was filed after receipt of such notice, but it was three days late. The action from which Funderburk appealed in 1984 was not an appealable action. See 29 C.F.R. Sec. 1613.231(a) (1986). It would frustrate the congressional intent in establising Title VII filing deadlines to allow a claimant to file an appeal from an interlocutory order early in the process and then use that early filing date to satisfy later filing requirements during the pendency of the interlocutory appeal.
 
 
 9
 Funderburk next contends that the EEOC's denial of his appeal on May 2, 1986, was a final action, thus allowing him to sue in federal court on May 14, 1986. In support of this position, Funderburk cites McCall v. Brooks, 432 F. Supp. 640 (E.D. Pa. 1977), aff'd mem., 639 F.2d 744 (3d Cir. 1980). I n McCall, the court held that the EEOC's denial of an untimely appeal is a "final action" if the plaintiff filed the late appeal with the EEOC within 30 days of the notice of the original adverse agency action and the plaintiff had a "reasonable belief" that the EEOC would waive the deadline and accept the untimely appeal. Unlike the plaintiff in McCall, Funderburk has asserted no facts that would or should have led him to expect the EEOC to extend its deadline on his behalf. Accordingly, this argument fails.
 
 
 10
 Finally, Funderburk suggests that he was misled by the government into thinking that his appeal had been approved by the EEOC before its ultimate rejection. However, the actual language of the government's statement, "no additional action is required on Mr. Funderburk's behalf in connection with his appeal of the final Agency decision issued 22 February 1985," is true and not misleading: it simply says that, as of that point, there was nothing left to be done by Funderburk. At that point, Funderburk was already late and had no real recourse.
 
 
 11
 Having made an untimely filing, Funderburk failed to exhaust his administrative remedies. The harshness of filing deadlines in individual cases, while tempered for good cause shown in some circumstances, is justified by the desire of Congress for an efficient administrative process. This court lacks jurisdiction to hear an appeal of an untimely action; accordingly, the judgment below is
 
 
 12
 AFFIRMED.