**Martha Joyce PULLEN**

v.

**OTIS ELEVATOR COMPANY.**

**Civ. A. No. 11477.**

United States District Court
N. D. Georgia,
Atlanta Division.

June 18, 1968.

Stokes & Manning, Atlanta, Ga., for plaintiff.

Alston, Miller & Gaines, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiff has filed a civil action against Otis Elevator Company alleging violation of rights guaranteed by Title VII of the Civil Rights Act of 1964. Plaintiff's action was filed pursuant to a statutory power for such a suit upon a finding of reasonable cause by the Equal Employment Opportunities Commission (EEOC).

Defendant has filed a motion to dismiss, alleging generally that various filings were made outside the time limits stated in the enabling legislation. In particular, the grounds were: that no "valid charge" was filed with EEOC within 90 days of the alleged act of discrimination; that the complaint was filed in this court more than 180 days after the alleged act of discrimination; and that the complaint was not filed within 30 days of plaintiff's notice from the Commission of its failure to obtain voluntary compliance from defendant. [An additional ground, that the complaint failed to state a claim for which relief could be granted, was also listed in the motion but was not argued in the brief. As to procedure, then, that part of the motion was not accompanied by a brief in accordance with local rules, and will not be considered for that reason.]

Title VII sets out the procedure whereby a party who feels that an offense under the Act has been committed against him may report such offense to the EEOC. The EEOC then investigates the charge, and upon a finding of "reasonable cause" attempts conciliation between the employer and the complaining party. If

conciliation is not reached, the Commission notifies the party, who may then file a civil complaint in the District Court. The Act states times periods in which this is to be done. The Act states that a valid charge must be filed with the Commission within 90 days of the offense, conciliation attempts must be completed in no more than 60 days, and the injured party's complaint must be filed within 30 days of notice from EEOC that conciliation efforts have failed.

Defendant in its first ground argues that the failure to serve it with a copy of the charge filed with EEOC within the stated 90-day period invalidates the charge. The statute expressly provides that "the Commission shall furnish" the party charged "with a copy of such charge". 42 U.S.C.A. § 2000e-5(a). Defendant's argument, not without merit, is that considerable prospective obligations concerning back pay, seniority and hiring problems, can accrue against an employer all the while he is unaware of investigation and possible liability. More, facts *and conditions with which defendant* would rightfully defend an action are allowed to slip back in time unnoted. Balanced against this, however, is the possibility of administrative delay removing a statutory right given a citizen without any express statutory limitation directing such a result.

■ It *is* noted that under the statutory scheme, the EEOC investigation and procedure is a supplementary element in plaintiff's action. While it is a procedural and jurisdictional prerequisite [see Mondy v. Crown Zellerbach, 271 F.Supp. 258 (E.D.La., 1967)], it is not a substantive part of plaintiff's right. Therefore, this court is not persuaded that EEOC's administrative delay should be allowed to destroy the jurisdiction of plaintiff's claim, despite EEOC's clear violation of the obvious statutory intent that a defendant be timely apprised of action against him.

■ Defendant's second ground is that the complaint was filed in this court more than 180 days after the alleged act of discrimination. Defendant ties together the statutory time periods, stated supra, and argues that failure of all filing, conciliation attempts, notice, and filing of suit within that time denies jurisdiction. This was done in Cunningham v. Litton Industries, 66 LLRM 2697 (C.D. Cal., 1967). This court prefers to follow the path already taken in this District in Harris v. Orkin Exterminating Co., Civil Action No. 11364, which follows a well-reasoned opinion in Dent v. St. Louis-San Francisco Ry., 265 F.Supp. 56 (N.D.Ala., 1967). That case viewed the 90-and 60-day time periods as directive, not jurisdictional, in that they were for a plaintiff's benefit and not for use in destroying a right. In construing a remedial statute, it is felt that limitations which would take away a right from one for whom the statute was passed must be express and not subject to varying interpretations. Therefore, this court again holds that plaintiff is not prejudiced by the delay of EEOC.

■ Defendant also seeks to show that plaintiff had proper and legal "notice" of failure of conciliation prior to the time of official notice by EEOC, and that her complaint was filed more than 30 days later. The Commission officially notifies a plaintiff of failure of conciliation and right to sue by a "30-day suit letter". The notice and suit limitation requirement is pursuant to Section 706(e) of Title VII (42 U.S.C.A. § 2000e-5(e)), and the letter is pursuant to Section 1601.25 of EEOC's regulations. Defendant argues that a showing that a plaintiff was told of conciliation failure should be "notice" under the statute. The question is, then, whether the notice must be by official, regular act or, as a logical extension of defendant's argument would suggest, knowledge whenever and however acquired would begin the 30-day limitation period.

Clearly, an approach such as defendant urges would make a difficult fact-finding process of adjudication of the notice

provision and would frustrate procedure under the statute for a reason not really material to the merits of the action. This court holds, then, that the official intended act of notifying, pursuant to regulations, is that notice which will start the 30-day limitation period.

Accordingly, defendant's motion to dismiss is denied.