**Mary F. CUNNINGHAM, Appellant,**

v.

**LITTON INDUSTRIES, a Corporation, Appellee.**

**No. 22422.**

United States Court of Appeals
Ninth Circuit.

June 30, 1969.

---

6. See, Estate of William David Frederick, 31 P–H Tax Ct.Mem. 535 (1962).

888

Alan V. Friedman (argued), of Munger, Tolles, Hills & Rickershauser, Michael M. Stein (argued), of Loeb & Loeb, Los Angeles, Cal., Slaff, Mosk & Rudman, Hollywood, Cal., for appellant.

Russell Specter (argued), Equal Employment Opportunity Commission, Daniel Steiner, Gen. Counsel, Stephen J. Pollak, Asst. Atty. Gen., D. Robert Owen, John Rosenberg, Alvin Hirshen, Attys., Dept. of Justice, Washington, D. C., amicus curiae for appellant.

Edward L. Clabaugh (argued), William A. Masterson, Los Angeles, Cal., Ralph M. Braunstein and Peter W. Irwin, Beverly Hills, Cal., for appellee.

Brill, Hunt, DeBuys & Burby and Mitchell L. Lathrop, Los Angeles, Cal., Attys. for Western Airlines, Inc., amicus curiae for appellee.

Before BARNES and CARTER, Circuit Judges, and KILKENNY,* District Judge.

JAMES M. CARTER, Circuit Judge.

This is an appeal from a judgment dismissing appellant's complaint brought under Sec. 706 of Title VII of the Civil Rights Act of 1964, (Public Law 88–352, Title VII, § 706, July 2, 1964); 78 Stat. 259; 42 U.S.C. § 2000e–5. The complaint alleged employment discrimination based upon sex. The court dismissed the action after finding the statute required that an action be filed within 180 days from the alleged act of discrimination and that the appellant's

* Honorable John F. Kilkenny, United States District Judge, District of Oregon, sitting by designation.

action was filed beyond that period. We reverse.[1]

## THE QUESTION

The question presented is whether a civil suit brought under 42 U.S.C. § 2000e–5 must be filed within 180 days of the discriminatory act or be time barred.

## FACTS

Appellant, a woman, was hired by Litton, appellee, in 1961 as a "Publications Production Technical Coordinator." Thereafter she was advanced to the position of "Publications Quality Control Specialist." In May 1965 an opening occurred in the position of "Publications Quality Control Coordinator." A man was appointed to the position; that promotion is not in issue here. In April 1966 there was again an opening in the position of "Publications Quality Control Coordinator." Again a man, Muscarella, was appointed. Appellant complained to her superiors, asserting discrimination based upon sex; the appellee rescinded the appointment. However, Muscarella was given job training for the new position. The complaint alleges that on October 7, 1966, Muscarella was reappointed "Publications Quality Control Coordinator."

Within the 90 day period allowed by the statute, Sec. 706(d) of the Act, 42 U.S.C. § 2000e–5(d), appellant filed her charges with the Equal Employment Opportunity Commission (hereafter EEOC), alleging employment discrimination based upon sex.[2]

On March 30, 1967, after an investigation the EEOC found reasonable cause to believe that appellee had violated the Civil Rights Act of 1964 and thereafter attempted without success to conciliate and achieve voluntary compliance by appellee.

On June 7, 1967, the EEOC formally notified appellant of its inability to obtain voluntary compliance by appellee and of her right to commence a civil action within 30 days under Sec. 706(e) of the Act, 42 U.S.C. § 2000e–5(e). On July 6, 1967, within the 30 days period, appellant filed her action in the district court.

The district court, on motion, dismissed the complaint without leave to amend for failure to state a claim for relief, basing its interpretation on time limitation provisions in the statute. The order of dismissal states that "The maximum time [for filing a complaint] is 180 days from the date of the claimed act of discrimination." It is clear from the district court's order that it computed the 180 days by adding the 90 days allowed to first file with the EEOC, Sec. 706(d) of the Act, 42 U.S.C. § 2000e–5(d), the 60 days maximum for the EEOC to act, Sec. 706(e) of the Act, 42 U.S.C. § 2000e–5(e) and the 30 days after notice from the EEOC to file a complaint in the district court, contained in the same subsection.

## DISCUSSION

Although the statute leaves much to be desired in clarity and precision, the requirements that any charge be filed with the EEOC within 90 days of the act of discrimination, and that a civil action be filed within 30 days after receiving notice from the Commission, seem clear enough. §§ 706(d) and (e), 42 U.S.C. §§ 2000e–5(d) and (e). However, the

---

1. In fairness to the trial court, it should be noted that most, if not all, of the cases cited below and on which we rely, were decided after the decision of the trial court in this case.

2. Appellee argued at the hearing of the appeal that the filing of the charge with the EEOC was not timely. The complaint does not allege the date on which the charge was filed with the EEOC. However, we take judicial notice of the Commission's decision which is set out as an appendix to its amicus curiae brief. It states that Muscarella was reappointed in July of 1966 and that the paper work was not completed by Litton on the appointment until October 3, 1966. Appellant's charge was filed with the EEOC on September 14, 1966. Therefore, in any event it was filed in a timely manner.

meaning of the provision concerning the time period in which the EEOC must act upon a charge is not as clear:

"(e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved * * *."

§ 706(e), 42 U.S.C. § 2000e–5(e). The district court interpreted this part of the statute as requiring the EEOC to complete its actions, if any, within 60 days of the filing of any charge; further, that at the end of this 60 day period, the 30 day period in which the person aggrieved must file his action begins to run. We do not agree with this interpretation.

■ Section 706, 42 U.S.C. § 2000e–5, should not be read as providing for any gross 180 day period after the alleged act of discrimination within which a civil action must be filed. Miller v. International Paper Co., 408 F.2d 283, 285–286 (5 Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7 Cir. 1968); Pullen v. Otis Elevator Co., 292 F.Supp. 715, 717 (N.D.Ga.1968). See, Stebbins v. State Farm Mutual Auto Ins. Co., 413 F.2d 1100 (D.C.Cir. May 20, 1969); Cox v. United States Gypsum Co., 409 F.2d 289 (7 Cir. April 9, 1969).

■■ The 30 to 60 day period prescribed in the statute in which the EEOC is to act should be interpreted as directory and not mandatory in nature. Commission action and issuance of notice within 60 days is not a condition precedent to an aggrieved person's right to sue in a federal district court. Fore v. Southern Bell Telephone and Telegraph Co., 293 F.Supp. 587, 589 (W.D. N.C.1968); Harris v. Orkin Exterminating Co., 293 F.Supp. 104, 105 (N.D.Ga. 1968); Kendrick v. American Bakery Co., 69 L.R.R.M. 2012, 2014 (N.D.Ga. 1968); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258, 261 (E.D.La. 1967), reversed on other grounds sub nom. Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5 Cir.1968); Dent v. St. Louis-San Francisco Ry. Co., 265 F. Supp. 56, 58 (N.D.Ala.1967); see, Sokolowski v. Swift & Co., 286 F.Supp. 775, 781 (D.Minn.1968). The clear intent of Congress in passing this statute was to prefer private and informal conciliation. To require the EEOC to investigate a charge, determine its merits, attempt conciliation and also determine any further efforts to be fruitless within a 60 day period would severely lessen the chances of private settlement in many cases.

■ We hold that the 30 day period within which suit may be filed in federal district court begins to run when the aggrieved party receives notice of failure to effect voluntary compliance from the EEOC, regardless of the period of time the Commission has taken to process the charge. Miller v. International Paper Co., 408 F.2d 283, 287 (5 Cir.1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357, 361 (7 Cir.1968); Antonopulos v. Aerojet-General Corp., 295 F.Supp. 1390, 1395–1396 (E.D.Cal.1968); Pullen v. Otis Elevator Co., 292 F.Supp. 715, 718 (N.D.Ga.1968); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258, 261 (E.D.La.1967), reversed on other grounds sub nom., Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5 Cir.1968).

This interpretation and regulation 1601.25a of the Commission effect the intent of Congress. Regulation 1601.25a states:

"*Processing of cases; when notice issues under § 1601.25.*

(a) The time for processing all cases is extended to 60 days except insofar as proceedings may be earlier terminated pursuant to § 1601.19.

(b) Notwithstanding the provisions of paragraph (a) of this section,

the Commission shall not issue a notice pursuant to § 1601.25 prior to a determination under § 1601.19 or, where reasonable cause has been found, prior to efforts at conciliation with respondent except that *the charging party or the respondent* may upon the expiration of 60 days after the filing of the charge or at any time thereafter demand in writing that such notice issue, and the Commission shall promptly issue such notice to all parties.

(c) Issuance of notice pursuant to § 1601.25 does not terminate the Commission's jurisdiction of the proceeding, and the case shall continue to be processed." (emphasis added) 29 C.F.R. § 1601.25a (1968).

The statutory scheme of Sec. 706 is thus fulfilled by allowing conciliation attempts to continue as long as they may appear fruitful, while at the same time giving either the aggrieved party or the respondent the right to precipitate the EEOC action of notification, which triggers the 30 day period for filing suit under Sec. 706(e), 42 U.S.C. § 2000e–5(e).[3]

Section 706(b), 42 U.S.C. § 2000e–5(b), provides that if the State or political subdivision of a State in which the unlawful practice occurs, has a State or local law prohibiting the unlawful employment practice, and establishing a State or local authority to grant or seek relief from such practice, no charge may be filed under § 706(a), 42 U.S.C. § 2000e–5(a), before the expiration of 60 days after proceedings have been commenced under State or local law. Appellee contends that the California Fair Employment Practice Commission exists in the state of California, and that appellant did not pursue her remedy before that Commission. The short answer is that California Labor Code, Sec. 1420 does not include sex as a basis for discrimination. Sec. 1197.5 of the same Code refers to sex but only provides that no employer shall discriminate because of sex as to the rates paid. The contention is without merit.

 The appellant filed her complaint within 30 days after receiving notice from the EEOC that conciliation efforts had been unsuccessful. The complaint was filed in time.

The judgment is reversed and the case remanded.

---

3. Regulation 1601.25a is within the power of the EEOC to supplement the statutory scheme and in accord with congressional intent. In this connection, it should be noted that the Bill passed by the House authorized the EEOC to bring the action if efforts at voluntary compliance failed. This provision was rejected in the Senate and the final result was to make the EEOC responsible for conciliation and the aggrieved party responsible for enforcement. See the legislative history set forth in Miller v. International Paper Company, 408 F.2d 283, at pp. 286–287 (5 Cir. 1969). To allow matters within the statutory scope of EEOC's responsibility to govern the aggrieved party's time in which to bring the action, would run afoul of the apparent intent of Congress.