Donald R. CLEVELAND,
Plaintiff-Appellant,

v.

DOUGLAS AIRCRAFT COMPANY, aka McDonnell-Douglas Corporation, a corporation, Defendant-Appellee.

No. 73–1950.

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1975.

Donald R. Cleveland, pro se.

James N. Adler, Munger, Tolles, Hills & Richershauser, Los Angeles, Cal., for defendant-appellee.

Before CARTER, TRASK and GOODWIN, Circuit Judges.

## OPINION

### PER CURIAM:

Cleveland appeals the order of the district court dismissing his complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e). Cleveland claimed that he was terminated by Douglas Aircraft Company (Douglas) for racial motives. The district court dismissed the action because it concluded that Cleveland had failed to comply with 42 U.S.C. § 2000e–5(e) since he filed the action more than 30 days after first receiving notice from the Equal Employment Opportunity Commission (EEOC) of his right to sue.[1] The court judged this requirement to be jurisdictional and we agree.

Cleveland was hired as a janitor by Douglas in July 1966. On September 5, 1967, he was transferred from his job in the "clean room," an electronic assembly area with high maintenance standards, to the "mop crew." Cleveland claimed that he was transferred because his supervisor objected to his conversations with a female white employee. On Sep-

tember 8, 1967, he was transferred again, this time to clean restrooms. Cleveland performed below the company's expectations in this job, and after two written warnings he was terminated on September 18, 1967, for poor performance.

Cleveland filed a charge of discrimination with the California Fair Employment Practice Commission on October 25, 1967, and on December 26, 1967, he filed a charge with the EEOC. The EEOC deemed the charge to be filed on January 11, 1968, and assumed jurisdiction within 210 days after the alleged unfair employment practice and more than 60 days after the initiation of state proceedings.

■ On March 26, 1968, the EEOC issued the statutory notice to Cleveland entitling him to sue Douglas within 30 days under 42 U.S.C. § 2000e–5(e) and on April 9, 1968, his court-appointed counsel filed a complaint in federal district court. The "right to sue" letter should be issued only when the EEOC has completed its investigation and has failed to achieve voluntary compliance by the employer. However, the United States District Court for the Central District of California had held that a civil suit would be barred if not filed within 180 days of the alleged act of discrimination. Cunningham v. Litton Industries, 1 FEP Cases 252 (C.D.Cal.1967). Cleveland's suit of April 9, 1968, was held in abeyance pending review by this court of the district court decision in *Cunningham.* On June 30, 1969, we reversed the district court decision in *Cunningham,* holding that "the 30 day period within which suit may be filed in federal district court begins to run when the aggrieved party receives notice of failure to effect voluntary compliance from the EEOC, regardless of the period of time the Commission has taken to process the charge." Cunningham v. Litton Industries, 413 F.2d 887, 890 (9th Cir. 1969).

---

1. Section 2000e–5(e) was amended by the Equal Opportunity Employment Act of 1972 to allow for a 90-day period in which to file suit. Pub.L.No. 92–261, 86 Stat. 103, 42 U.S.C. § 2000e–5(f)(1). The amendment does not help appellant in this case.

On September 29, 1969, the EEOC sent a letter to Cleveland explaining that *Cunningham* had been reversed and stating:

"You are, therefore, free at this time to move to dismiss your complaint from the Federal Court without any prejudice to your case, and allow the Commission to exhaust the administrative process. After the administrative process has been completed you may decide to file a complaint again with the Federal Court. You may, however, maintain your complaint in the Federal Court despite the fact that the Commission has not yet completed processing your case.

"The Commission feels it is preferable to delay filing complaint until after the administrative process has been exhausted. Please sign this letter on the signature line below, indicating your consent to your attorney to dismiss your complaint without prejudice . . . ." C.T. at 88.

On November 7, 1969, Cleveland filed a motion for dismissal without prejudice in his suit of April 9, 1968, and it was granted the same day.

It is apparent from the foregoing and from the affidavit of Lorenzo Traylor of the EEOC that the EEOC issued its "right to sue" letter of March 26, 1968, before it had completed its handling of Cleveland's case at the administrative level because it feared that otherwise Cleveland's right to bring a civil action would be barred by the lower court holding in *Cunningham* which was the law in the district at that time. When *Cunningham* was reversed the EEOC decided that it could start all over again at the administrative level and sent Cleveland the above letter. The EEOC continued to attempt conciliation between Cleveland and Douglas but on August 11, 1971, advised Cleveland of its failure and issued him a second "right to sue" letter. Cleveland again filed suit on September 9, 1971.

Douglas filed a motion for summary judgment in this second suit, and on January 30, 1972, the district court dismissed the action. The district court found that Cleveland had not filed the suit within 30 days of the first "right to sue" letter issued by the EEOC on March 26, 1968, and therefore was barred from suit. The court found that the EEOC had no statutory authority to issue the second "right to sue" letter and therefore it was a legal nullity.

Cleveland is proceeding *pro se* on appeal, and the gist of his argument is that he should be excused from the operation of the 30-day statute of limitations imposed on suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) because:

1. Individual substantive rights should not be defeated on the basis of technical procedural mistakes which have resulted in no prejudice to a defendant.

2. The underlying policy considerations of Title VII are to achieve voluntary compliance, and his action in dismissing his first suit was aimed at achieving that goal at the suggestion of the EEOC

3. He should not be time-barred because of his reliance on the advice of the EEOC.

At all times pertinent to this appeal Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(e) provided that a person aggrieved under the Act could bring suit within 30 days of receiving notice from the EEOC that it had been unable to obtain voluntary compliance with the Act. This court has interpreted this provision to be jurisdictional in nature. Wong v. The Bon Marche, 508 F.2d 1249 (9th Cir. 1975) (interpreting the Equal Opportunity Employment Act of 1972, the successor to Title VII of the Civil Rights Act of 1964); *accord* Genovese v. Shell Oil Co., 488 F.2d 84 (5th Cir. 1973); Archuleta v. Duffy's, Inc., 471 F.2d 33 (10th Cir. 1973); Goodman v. City Products Corp., Ben Franklin Division, 425 F.2d 702 (6th Cir. 1970). Gates v. Georgia-Pacific Corp., 492 F.2d 292 (9th Cir. 1974), does not require a different result. There the EEOC had violated one of its own regulations with the result

that the appellant was not advised of her right to sue within the 30-day period. Further, we specifically limited the holding of that case to its facts. *See* Wong v. The Bon Marche, *supra.*

■ Since the 30-day requirement is jurisdictional, it is clear that appellant is incorrect in characterizing his failure to file suit within the prescribed period as a mere procedural error.

■ Appellant's first suit brought on April 9, 1968, was dismissed pursuant to Fed.R.Civ.P. 41(a) and therefore can have no effect on the action here under consideration. *See* Johnson v. Railway Express Agency, Inc., 489 F.2d 525 (6th Cir. 1973); 5 J. Moore Federal Practice ¶ 41.05[2] (2d ed. 1974).

■ The issuance by the EEOC of a second right to sue letter likewise is without effect. The EEOC had no statutory authority to issue such a letter and therefore the 30-day period must be deemed to run from the issuance of the first letter. *See* Harris v. Sherwood Medical Industries, Inc., 386 F.Supp. 1149 (E.D.Mo.1974). To accept the EEOC's action in issuing the second letter as proper would vitiate the congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC.

Further, it cannot be presumed that the appellee has not been prejudiced because of the delay. Over 7 years have elapsed since the alleged act of discrimination. Certainly, memories have dimmed and one of appellee's witnesses has died.

■ Appellant's argument that he should be excused from the operation of the period of limitations because he dismissed his first suit at the suggestion of the EEOC must fail. In its letter, set out *supra*, the EEOC made clear that appellant could maintain his suit if he wished. The EEOC did not condition its offer to continue its attempts at voluntary settlement on the dismissal of the suit. The error was that of appellant in dismissing the suit. On this point the Sixth Circuit has stated:

"As regards judicial extension of the time limitation to further the remedial purpose of the legislation, it is sufficient to cite the following language from the United States Supreme Court case of Kavanagh v. Noble, 332 U.S. 535, [68 S.Ct. 235, 92 L.Ed. 150] (1947), where, in dealing with a limitation provision in the tax law, the Court had this to say:

'Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Rosenman v. United States, 323 U.S. 658, 661 [65 S.Ct. 536, 89 L.Ed. 535]. Remedies for resulting inequities are to be provided by Congress, not the courts.' " Goodman v. City Products Corp., Ben Franklin Div., 425 F.2d 702, 703–704 (1970).

*See also* Wong v. The Bon Marche, *supra.*

Appellant's third argument, that he should not be time-barred because of his reliance on the advice of the EEOC, is without substance. In Pittman v. United States, 341 F.2d 739, 741 (9th Cir. 1965), this court stated:

"Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380 [68 S.Ct. 1, 92 L.Ed. 10] . . . and Munro v. United States, 303 U.S. 36 [58 S.Ct. 421, 82 L.Ed. 633] . . ., simply preclude successfully relying on a waiver of the time limitation or a mistake of the government attorney on the applicable law."

*Pittman* involved an action against the government from which the government stood to gain from the erroneous advice, and therefore it applies with even greater force in the present appeal.

The order of the district court dismissing appellant's action for want of jurisdiction is affirmed.