621 F.2d 1084
 22 Fair Empl.Prac.Cas. 1575,
23 Empl. Prac. Dec. P 30,983
George M. TRUJILLO, Plaintiff-Appellant, Cross-Appellee,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee, Cross-Appellant,
Equal Employment Opportunity Commission, Amicus Curiae.
 Nos. 79-1071, 79-1072.
 United States Court of Appeals,
Tenth Circuit.
 Submitted March 14, 1980.
Decided May 29, 1980.
 
 Ray M. Vargas, Albuquerque, N.M., for plaintiff-appellant, cross-appellee.
 Robert M. St. John and Bruce Hall of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendant-appellee, cross-appellant.
 Issie L. Jenkins, Acting Gen. Counsel, Joseph T. Eddins, Associate Gen. Counsel, and Lutz Alexander Prager, Atty., Washington, D.C., for amicus curiae.
 Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 George M. Trujillo brought an employment discrimination action against General Electric Company under the provisions of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866. 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981. General Electric filed a motion to dismiss the Title VII claim on the ground that Trujillo had failed to file that particular claim within 90 days from receipt of his right-to-sue notice, as required by 42 U.S.C. § 2000e-5(f) (1). The trial court denied the motion.
 
 
 2
 At trial, Trujillo called four witnesses. At the conclusion of the plaintiff's case, General Electric moved to dismiss under Fed.R.Civ.P. 41(b), contending that Trujillo had failed to make a prima facie case. The motion was denied, whereupon General Electric called three defense witnesses. Based on conflicting testimony, the trial judge found for General Electric and entered judgment in its favor. Specifically, the trial judge found that Trujillo's discharge from employment with General Electric resulted from his erratic and deteriorating work performance, and was not in anywise prompted by race discrimination. Trujillo appeals the judgment thus entered. General Electric cross-appeals the order of the trial court denying General Electric's motion to dismiss the Title VII claim. We shall consider the cross-appeal first.
 
 
 3
 Trujillo was initially employed by General Electric on February 1, 1971, as a technician in their Albuquerque, New Mexico plant. On January 29, 1976, Trujillo's employment with General Electric was terminated. On June 2, 1976, Trujillo filed a charge of employment discrimination because of national origin with the Albuquerque, New Mexico District Office of the EEOC. After investigation, the District Director issued Trujillo and General Electric a determination that there was no reasonable cause to believe that Trujillo's termination was due to race discrimination. Such determination was issued, together with the statutory Notice of Right-to-Sue, on December 2, 1976. On December 10, 1976, Trujillo wrote the District Director requesting reconsideration of the Director's determination of "no-cause." The Director replied by advising Trujillo, and General Electric, that Trujillo should submit any additional information by February 10, 1977, ". . . so that your case may be reviewed and reconsidered before the 90-day period runs out March 4, 1977."
 
 
 4
 In early January, 1977, Trujillo submitted his additional evidence. On January 24, 1977, the EEOC vacated its earlier determination of no-cause and issued a revised determination with a finding that there was reasonable cause to believe Trujillo's charge of employment discrimination. That particular order further stated: "Both parties are hereby notified that the Notice of Right-to-Sue issued on December 3, 1976, is revoked and is therefore null and void."
 
 
 5
 Thereafter, as required by 42 U.S.C. § 2000e-5(b), the District Director attempted to conciliate the parties, but without success. Accordingly, on August 11, 1977, the District Director issued a combination notice of failure of conciliation and a so-called "second" Notice of Right-to-Sue within 90 days. Trujillo filed the present action on October 20, 1977, well within 90 days from receipt of the second Notice of Right-to-Sue, but far beyond 90 days from receipt of the first Notice of Right-to-Sue.
 
 
 6
 General Electric's position is that Trujillo did not file his Title VII claim within 90 days after receipt of the first Notice of Right-to-Sue, and that therefore the Title VII claim was subject to a motion to dismiss for failure to comply with the 90-day limitation found in 42 U.S.C. § 2000e-5(f)(1). According to General Electric, the Director had no authority to rescind his first Notice of Right-to-Sue, nor was he authorized to subsequently issue the second Notice of Right-to-Sue. Such action was but a nullity, argues General Electric. We do not agree.
 
 
 7
 42 U.S.C. § 2000e-5(f)(1) provides, in part, as follows:
 
 
 8
 If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.
 
 
 9
 As above mentioned, on December 2, 1976, the District Director notified both Trujillo and General Electric that he had determined that there was no reasonable cause to believe that Trujillo's employment termination was due to race discrimination, and in connection therewith advised Trujillo that if he desired to file a private cause of action against General Electric he must do so within 90 days from the day he received such notice, "otherwise your right is lost." Thereafter, and well within 90 days from December 2, 1976, the District Director decided to reconsider his earlier determination of no-cause. A District Director has the right to reconsider such an order under 29 C.F.R. § 1601.19b(d) (1977) (now 29 C.F.R. § 1601.21(b)(1979)). Additional information was thereafter furnished the Director by Trujillo. Then on January 24, 1977, some 55 days after Trujillo had received the right-to-sue notice, the Director reversed his earlier determination of no-cause to believe discrimination and found that there was reasonable cause to believe that there had been employment discrimination against Trujillo based on his race.
 
 
 10
 Having now determined that there was reasonable cause to believe that General Electric had discriminated against Trujillo because of his race, the Director had the duty to attempt conciliation, and, failing this, to decide whether the Director would bring suit against General Electric. As stated, the Director's efforts at conciliation failed, and he later determined not to himself bring suit against General Electric. It was in this setting that he issued the so-called second notice of right-to-sue.
 
 
 11
 Our attention has not been directed to any statute or regulation expressly authorizing a Director to rescind a notice of right-to-sue, once issued. But we believe such power is implicit. Administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider. Albertson v. Federal Communications Commission, 182 F.2d 397, 399 (D.C. Cir. 1950). By regulation above cited, a Director has the power to reconsider an earlier determination of no-cause. The authority to reconsider may result in some instances, as it did here, in a totally new and different determination, requiring the use of additional administrative procedures designed to effect conciliation and avoid litigation. If the District Director, under the circumstances of this case, does not have the power to rescind his earlier notice of right-to-sue, then his authority to fully reconsider is severely circumscribed. To require a discharged employee to bring suit against his employer at a time when the District Director has reconsidered his earlier determination of no-cause and found that there was reasonable cause to believe that the employee's discharge was the result of race discrimination, and the administrative processes designed to effect conciliation and avoid litigation are in the process of going forward, is to us a rather strange requirement.
 
 
 12
 A recent case quite comparable to the instant one is Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980). In Gonzalez the EEOC issued a determination letter stating that reasonable cause to believe that Firestone had violated Title VII did not exist. In that same letter Gonzalez, the employee, was advised that he had 90 days within which to bring suit against Firestone. Some 41 days later the EEOC informed Gonzalez and Firestone that it had decided to reconsider its earlier determination of no-cause. Later, the EEOC issued a second determination letter in which it found that reasonable cause to believe that Firestone had violated Title VII did exist. Thereafter, EEOC's conciliation efforts failed, and EEOC issued a second notice of right-to-sue. Gonzalez then brought suit within 90 days from the date he received his second notice of right-to-sue, but well beyond the 90 days after he had received his first notice of right-to-sue.
 
 
 13
 In Gonzalez, as in the instant case, the employer, Firestone, filed a motion to dismiss the Title VII claim based on the employee's failure to file suit within 90 days from receipt of the first of the two right-to-sue letters issued by EEOC. The trial court granted the motion and, on appeal, the Fifth Circuit reversed. In thus reversing, the Fifth Circuit held that the EEOC may issue a second notice of a right-to-sue within 90 days upon completion of a discretionary reconsideration of a prior determination provided it has given notice to both parties of its decision to reconsider within the 90-day period provided for in the first notice of right-to-sue. The Fifth Circuit further held that a party may challenge the validity of such reconsideration and the second notice only by showing that the sole purpose of the reconsideration was to extend the initial notice period.
 
 
 14
 Gonzalez supports the result reached in the instant case. As in Gonzalez, the EEOC in the present case advised the parties well within the initial 90-day period that it proposed to reconsider its earlier determination of no-cause. Indeed, the instant case would appear to be a bit stronger than Gonzalez, in that the EEOC in the instant case advised the parties well within the initial 90-day period that it was revoking its first notice of right-to-sue. In Gonzalez there apparently was no such revoking order, and the Fifth Circuit held, in effect, that the reconsideration order itself vitiated the earlier notice of right-to-sue.
 
 
 15
 As concerns Trujillo's appeal of the judgment of the trial court in favor of General Electric, we must affirm. The trial court's finding of no race discrimination must on appeal be affirmed unless it be clearly erroneous. Fed.R.Civ.P. 52(b). Our study of the record leads us to conclude that there is ample evidence to support the trial court's finding that Trujillo was discharged because of erratic and deteriorating job performance, and was not related to his national origin. As mentioned above, the trial court denied General Electric's motion to dismiss made at the conclusion of Trujillo's evidence, thereby indicating that Trujillo had established a prima facie case. Thereafter, General Electric presented its evidence tending to show legitimate non-discriminatory reasons for its action. The trial judge simply chose to accept General Electric's version of the events which led to Trujillo's termination, which, as the trier of the facts, he had the right to do. In thus holding, the trial judge in our view substantially followed the guidelines of McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and the more recent case of Furnco Construction Corp. v. Waters, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978), as well as our own case of Rich v. Martin Marietta Corp., 522 F.2d 333, 347 (10th Cir. 1975).
 
 
 16
 In No. 79-1071 (the appeal), the judgment is affirmed. In No. 79-1072 (the cross-appeal) the order denying General Electric's motion to dismiss Trujillo's Title VII claim is affirmed.