**Sharon LUTE, Plaintiff-Appellant,**

v.

**The SINGER COMPANY, Kearfott Division, a New Jersey Corporation, Defendant-Appellee.**

**No. 80–6047.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1982.

Decided June 4, 1982.

Elizabeth Schulman, Schulman & Schulman, San Diego, Cal., for plaintiff-appellant.

Peggy L. Braden, Stamford, Conn., for defendant-appellee.

Before FLETCHER, POOLE, and CANBY, Circuit Judges.

FLETCHER, Circuit Judge:

The district court dismissed appellant Sharon Lute's Title VII civil suit for lack of subject matter jurisdiction. The district court also awarded attorney's fees, travel expenses, and costs to appellee Singer Co. as the prevailing party. *See* 42 U.S.C.

§ 2000e–5(k) (1976). Lute appeals. We note jurisdiction under 28 U.S.C. § 1291 (1976) and reverse.

## FACTS

In October 1976, Lute filed a sex discrimination complaint with the Equal Employment Opportunity Commission (EEOC) and the California Fair Employment Practices Commission (FEPC) against her employer, Singer Co. The EEOC deferred to an FEPC investigation of the complaint; that investigation led to a finding of no discrimination. After review of the FEPC investigation and findings, the EEOC issued to Lute a no-reasonable-cause determination and a Notice of Right to Sue, dated May 5, 1978. See 29 C.F.R. §§ 1601.19–.28 (1980).[1]

In June 1978, Lute, pursuant to 29 C.F.R. § 1601.21(b) (1980), asked the EEOC to reconsider its determination and reopen the case. Appellant's reconsideration request cited a pending investigation of Singer by the Office of Federal Contract Compliance (OFCC). Appellant claimed that the OFCC investigation would unearth additional evidence of Singer's discrimination that would be relevant to her complaint.

On August 3, 1978, less than 90 days after Lute was sent the initial Notice of Right to Sue, the EEOC notified both parties that it had decided to reopen her case, withdraw the no-reasonable-cause determination, and revoke the Notice of Right to Sue. Some 16 months later, on January 21, 1980, following additional investigation, the EEOC issued Lute a second no-reasonable-cause determination and a second Notice of Right to Sue. Lute filed her civil suit within 90 days of this second Notice.

On Singer's motion, the district court dismissed appellant's civil suit for lack of subject matter jurisdiction reasoning that (1)

the EEOC had no authority to issue Lute a second Notice of Right to Sue; (2) the 90-day filing period for civil suits under Title VII was jurisdictional; and, (3) since Lute did not file suit within 90 days of the first Notice, the court could not hear the case. The district court also awarded Singer costs and attorney's fees.

## ANALYSIS

If the EEOC has authority to issue appellant a second Notice of Right to Sue, appellant's civil suit meets the jurisdictional requirements of Title VII and was dismissed improperly.

A.  Applicability of this Court's Decision in Cleveland v. Douglas Aircraft Co.

█ Appellee Singer relies on Cleveland v. Douglas Aircraft Co., 509 F.2d 1027 (9th Cir. 1975), to argue that the EEOC cannot issue a second Notice of Right to Sue. In Cleveland, we stated:

> The issuance by the EEOC of a second right to sue letter ... is without effect. The EEOC had no statutory authority to issue such a letter and therefore the 30-day period must be deemed to run from the issuance of the first letter.

Id. at 1030.[2] Cleveland, however, is distinguishable from this case.

In Cleveland, the EEOC did not issue its second Notice of Right to Sue following a reconsideration of the plaintiff's case authorized by regulation. Instead, in Cleveland the EEOC issued the complainant a Notice of Right to Sue before it had finished investigating his complaint. Later, the EEOC informed Cleveland that it would complete its investigation of his complaint, and, further, that he could ignore the previously issued Notice of Right to Sue although there was no statutory basis for this advice.[3] Accordingly, Cleveland requested

---

1.  Although 29 C.F.R. §§ 1601.19–.28 have been amended since plaintiff received her first Notice of Right to Sue, none of the amendments affect provisions relevant to this case. Compare 42 Fed.Reg. 55, 391–93 (1977) with 44 Fed.Reg. 4,669 (1979).

2.  Section 2000e–5(e) was amended by the Equal Employment Opportunity Act of 1972 to allow for a 90-day period in which to file suit. Pub.L.No.92–261, 86 Stat. 103 (current version codified at 42 U.S.C. § 2000e–5(f)(1) (1976)).

3.  The EEOC correctly issued the early Notice in response to a district court decision in Cunningham v. Litton Industries, 1 Fair Empl.Prac. Cas. (BNA) 252 (C.D.Cal.1967). We subsequently reversed the district court's Cunningham decision. Cunningham v. Litton Industries, 413 F.2d 887, 890 (9th Cir. 1969). In Cleveland, however, we found the EEOC's advice to the plaintiff, based on our reversal of Cunningham, unacceptable because unauthorized. Cleveland, 509 F.2d at 1030. See also note 4 and accompanying text infra.

dismissal of his civil suit filed pursuant to the first Notice, waited for the EEOC to complete its investigation, then, upon receipt of a new Notice of Right to Sue, filed again in district court. We affirmed dismissal of Cleveland's civil suit because it was not timely filed with respect to the first Notice and because the EEOC's issuance of the second Notice, if approved, would lead to a "hodgepodge of ad hoc determinations by the EEOC." *Id.* Moreover, more than 7 years had elapsed between filing of the discrimination complaint and this court's review of the case. *Id.*[4] These extraordinary circumstances are not duplicated in the instant case.

Here, the EEOC first completed its administrative investigation, then withdrew its original determination after it decided that plaintiff's claim warranted administrative reconsideration. Such reconsideration clearly is authorized by 29 C.F.R. § 1601.-21(b) (1980). The EEOC, when it decided to reconsider Lute's case, also rescinded the original Notice of Right to Sue issued to her. The Commission found authority to take such action implicit in its authority to reconsider her case. Further, there is no suggestion here of prejudicial delay. On these facts, we find the decision in *Cleveland*, involving unauthorized Commission action and extraordinary delay, not controlling in the instant case.

### B. EEOC Authority to Rescind a Notice of Right to Sue

The only question that remains is whether the EEOC correctly assumed that its authority to reconsider a Title VII complaint encompassed authority to rescind a previously issued Notice of Right to Sue. Both the Fifth and Tenth Circuits have held that, in those limited situations when the EEOC decides that it should reconsider a determination on a Title VII complaint, it not only has the authority to reconsider, but it also has authority to rescind a Notice of Right to Sue, if one accompanied the original determination. Both courts, however, have limited the EEOC's authority to re-

scind a Notice of Right to Sue to those cases in which the EEOC decides to reconsider and notifies all parties of its decision within 90 days after it first issues a Notice of Right to Sue. *Trujillo v. General Electric Co.*, 621 F.2d 1084, 1086–87 (10th Cir. 1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 245–46 (5th Cir. 1980).

A number of persuasive reasons support the decisions in *Trujillo* and *Gonzalez.* First, since the EEOC has authority to reconsider a case and change its original decision, a rule that precludes revocation of the Notice of Right to Sue accompanying the original decision would frustrate effective reconsideration by forcing all parties to proceed with both a civil suit and an administrative investigation at once. *Trujillo*, 621 F.2d at 1086–87; *Gonzalez*, 610 F.2d at 245–46. Second, a rule that circumscribes effective reconsideration also discourages administrative resolution of Title VII complaints—the preferred method of resolution—and could lead to unnecessarily harsh results for the party suffering the burden of the Commission's potentially erroneous original conclusion. *Gonzalez*, 610 F.2d at 246. Finally, by limiting the time in which the EEOC may rescind a Notice of Right to Sue to the 90-day period in which suit may be brought, *Trujillo* and *Gonzalez* protect both defendant's and plaintiff's interest in speedy resolution of Title VII complaints without unduly restricting the EEOC's ability to address its own errors. In light of these considerations, we are persuaded to adopt the rule of *Trujillo* and *Gonzalez.*

The instant case fits precisely within this rule. The EEOC first issued plaintiff a no-reasonable-cause determination and a Notice of Right to Sue. It then decided to reconsider its original determination and rescind plaintiff's Notice. The Commission informed the parties of this decision within 90 days after it first issued plaintiff's Notice of Right to Sue. After reconsideration and a second no-reasonable-cause determination, the EEOC issued plaintiff a second Notice of Right to Sue. On these facts, we

---

4. Further, it cannot be presumed that the appellee has not been prejudiced because of the delay. Over 7 years have elapsed since the alleged act of discrimination. Certainly, memories have dimmed and one of appellee's witnesses has died.

*Id.; see Boone v. Mechanical Specialties Co.*, 609 F.2d 956, 958–59 (9th Cir. 1979).

hold that the EEOC had authority to issue the second Notice. The district court therefore improperly dismissed plaintiff's Title VII civil suit for lack of subject matter jurisdiction.

Accordingly, the judgment of the district court is REVERSED, the award of costs and attorney's fees to defendant Singer is VACATED and the case is REMANDED for further proceedings consistent with this opinion.[5]

POOLE, Circuit Judge, dissenting.

I cannot concur in the majority opinion because I believe that the outcome here is controlled by our previous decision in *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975).

In *Cleveland* the EEOC issued a Notice of Right to Sue Letter prior to completion of its administrative investigation. After this court's decision in *Cunningham v. Litton Industries*, 413 F.2d 887, 890 (9th Cir. 1969), the Commission informed appellant that he should ignore the first letter, and it issued a subsequent Notice of Right to Sue Letter after completing its investigation. In discussing the effect of the second letter, the court unequivocally stated:

> The EEOC had no statutory authority to issue such a letter and therefore the 30-day period must be deemed to run from the issuance of the first letter. 509 F.2d at 1030

Accordingly, the court affirmed the dismissal of the plaintiff's action since he failed to sue within 30 (now 90) days of his receipt of the first letter.

The outcome of that case did not hinge, as the majority suggests, on whether the second letter was issued pursuant to an authorized reconsideration of the Commission's reasonable cause determination. Instead, the court expressed its general concern that the EEOC should not be permitted to preempt a "congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC." 509 F.2d at 1030. That same concern is equally applicable here since the EEOC's withdrawal of an earlier right to sue letter pursuant to a reconsideration of its earlier decision presents the same threat of effectively nullifying the 90 day limitation period.

I recognize the competing policy expressed in *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 246 (5th Cir. 1980), and *Trujillo v. General Electric Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980), that the EEOC should not be hindered from seeking administrative resolution of such claims. However, given the clear impact of our holding in *Cleveland*, this issue is simply not now open and cannot be avoided by reliance upon an agency regulation.

---

5. Because we find that the EEOC had authority to issue appellant a second Notice of Right to Sue, we find it unnecessary to address the equitable extension argument she raises. We also find it unnecessary to address the propriety of the award of costs and attorney's fees to the defendant in a Title VII action. If, however, the district court should again confront the issue in this case, we direct its attention to the proper standard to apply in determining whether an award of fees against a Title VII plaintiff is appropriate. That standard is set forth in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), and *Shah v. Mt. Zion Hospital and Medical Center*, 642 F.2d 268, 270 n. 2 (9th Cir. 1981).