**ASSE INTERNATIONAL, INC., Plaintiff,**

v.

**John F. KERRY, Secretary of State of the United States; Robin Lerner, Deputy Assistant Secretary of State for Private Sector Exchange, Bureau of Educational and Cultural Affairs; and the United States Department of State, Defendants.**

**Case No.: SACV 14–00534–CJC(JPRx)**

United States District Court, C.D. California, Southern Division.

Signed April 20, 2016

Vera A. Weisz, Weisz Immigration Law Group, Los Angeles, CA, Edward F. Ramos, Helena M. Tetzeli, John P. Pratt, Ira J. Kurzban, Kurzban Kurzban Weinger Tetzeli and Pratt PA, Miami, FL, for Plaintiff.

Emily Newton, Gregory Dworkowitz, US Department of Justice, Ryan Bradley Parker, Washington, DC, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR REMAND TO THE UNITED STATES DEPARTMENT OF STATE

CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff ASSE brought this suit against the U.S. State Department and other defendants after the State Department imposed "lesser sanctions" on it based on its alleged violations of the regulations governing a cultural exchange program involving foreign workers in the United States. ASSE asserted both that the State Department's determination was arbitrary and capricious under the Administrative Procedures Act (APA) and that ASSE's Fifth Amendment right to due process was violated.

This Court dismissed the case after determining that that the State Department's decision was unreviewable under the Administrative Procedure Act (APA) and that the State Department afforded ASSE sufficient process. The Ninth Circuit reversed and remanded, holding that the State Department's decision is reviewable under the APA and that—assuming that ASSE has a property interest in its allotment of volunteer slots that was diminished under the sanctions—the State Department did not provide adequate due process. The case is back before this Court on remand and the State Department has filed a motion for voluntary remand of this case back to it for further administrative proceedings in accord with the Ninth Circuit's opinion. ASSE asserts that though it does not oppose a remand in principle, before doing so this Court should (1) make specific determinations about what due process protections the State Department must afford ASSE on remand, and (2) vacate the State Department's imposition of lesser sanctions on ASSE.

For the following reasons, the Court GRANTS the State Department's motion and VACATES the lesser sanctions against ASSE at issue in this litigation. The Court will not impose specific procedural requirements on the agency at this

time.[1]

## II. BACKGROUND

ASSE is a program sponsor serving the State Department's Exchange Visitor Program (EVP), which promotes educational and cultural exchanges between people in the United States and other nations. *See* 22 U.S.C. §§ 2451, 2452. The State Department licensed ASSE to serve several program categories, including "work-based" occupational training programs designed to expose college graduates to "American techniques, methodologies, and expertise" in their chosen fields. *See* 22 C.F.R. § 62.2. Since it was founded in 1976, ASSE has sponsored more than 100,-000 foreign exchange visitors through the EVP. (Dkt. 6–2, Gustafson Aff. ¶ 1.)

In March 2014, the State Department imposed sanctions on ASSE pursuant to 22 C.F.R. § 62.50, for allegedly violating regulations governing sponsors' obligations under the EVP, and for "[c]omitting an act of omission or commission, which has or could have the effect of endangering the health, safety, or welfare of an exchange visitor." 22 C.F.R. § 62.50(a)(1), (a)(3). The State Department's decision to impose sanctions was based in large part on its finding that a third-party contractor ASSE hired to support its administration of some EVP programs had harassed and intimidated a Japanese business management trainee named Noriko Amari, a program participant posted in Hawaii, and has assigned her excessive work hours with inadequate compensation. (Compl. ¶ 31; Dkt. 13–6, Notice of Intent to Impose Lesser Sanctions.) Ms. Amari had been placed by ASSE, through the assistance of ASSE's third-party organization American Career Opportunity. (Dkt. 13–6 at 2.). In the

proceeding against ASSE, the State Department's evidence of harassment came solely from Amari, with no record of any supporting evidence. *ASSE Int'l, Inc. v. Kerry,* 803 F.3d 1059, 1077 (9th Cir.2015). The State Department imposed what § 62.50 terms "lesser sanctions" on ASSE, consisting of "a written reprimand, a requirement that ASSE provide a corrective action plan, and a 15% reduction in the number of trainees in ASSE's program." *Id.* at 1067. The 15% reduction in the number of trainees is effected by limiting the number of the State Department's DS–2019 forms disbursed to a sponsor. *ASSE Int'l, Inc. v. Kerry,* 803 F.3d 1059, 1073 (9th Cir.2015). Because each program participant requires that form, limiting the number of forms given to a sponsor limits in turn the number of program participants that sponsor can take on in a given year. *Id.*

In April 2014, ASSE filed this lawsuit challenging the State Department's sanctions. (Dkt.1.) After this Court dismissed ASSE's claims under the APA and the Equal Protection Clause, the Ninth Circuit reversed and remanded, instructing this Court to decide in the first instance whether ASSE has the necessary protected property interest in the DS–2019 forms the State Department distributes to it and, if so, whether the due process violation it suffered was harmless error. *ASSE,* 803 F.3d at 1079.

Now that the case is again before this Court, the State Department seeks a voluntary remand for the stated purpose of allowing it to revisit its administrative decision to sanction ASSE and consider it in light of the Ninth Circuit's opinion. ASSE indicates that it "does not object in princi-

---

1. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed.R.Civ.P. 78; Local Rule 7–

15. Accordingly, the hearing set for April 25, 2016 at 1:30 p.m. is hereby vacated and off calendar.

ple to a remand of this matter to the Department of State for reconsideration." (Dkt. 50, Pl.'s Opp'n Br. at 3.) It does, however, urge the Court to formally vacate the State Department's existing sanctions decision, and to provide precise instructions concerning the procedural rights to which ASSE is entitled.

## III. ANALYSIS

### A. Voluntary Remand

Courts routinely grant agency requests for voluntary remand to reconsider an initial determination. *See, e.g., Nat. Res. Def. Council, Inc.("NRDC") v. U.S. Dep't of Interior,* 275 F.Supp.2d 1136, 1141 (C.D.Cal.2002). This is "consistent with the principle that '[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.' " *Id.* (quoting *Trujillo v. General Electric Co.,* 621 F.2d 1084, 1086 (10th Cir.1980)); *see also Lute v. Singer Co.,* 678 F.2d 844, 846 (9th Cir. 1982) (discussing *Trujillo* ). Voluntary remand also fosters judicial economy by giving the relevant agency the opportunity to reconsider and rectify an erroneous decision without further expenditure of judicial resources. *NRDC,* 275 F.Supp.2d at 1141 (citing *Ethyl Corp. v. Browner,* 989 F.2d 522, 524 (D.C.Cir.1993)).

Here, the State Department proposes that it reconsider its sanctions determination in light of the Ninth Circuit's opinion, and indicates that though it does not concede error in the manner in which it reached its original sanctions determination, it intends to vacate the current sanctions and determine whether future action is warranted with the benefit of additional information ASSE may submit to the agency. (Dkt. 49, Def.'s Br. at 9.)

Though the Ninth Circuit found that the State Department's paper-hearing process satisfied the requirements of the Due Process Clause, it also held that ASSE had a potentially valid due process claim because it was not "fully advise[d] of the evidence against it" and "was not given an additional opportunity to respond to the new evidence" before sanctions were imposed. 803 F.3d at 1078. In particular, the Ninth Circuit noted that:

> In its Notice of Intent to impose sanctions, the Department provided a very brief summary of Amari's claims without producing any evidentiary support, such as the interview notes or transcript. At the very least, the State Department should have attached specific allegations on which it relied, instead of briefly summarizing Amari's claim of almost "30 separate instances of harassment." This evidentiary showing is not enough to satisfy the due process requirement that a party receive a meaningful opportunity to rebut the evidence an agency brings against it. Moreover, the State Department relied on additional evidence, unmentioned in the Notice of Intent, when imposing sanctions. ASSE did not have an opportunity to rebut these pieces of evidence as they were not mentioned in the Notice of Intent, and ASSE was not afforded an opportunity to submit a response to the Imposition of Sanctions. In sum, because ASSE did not have a meaningful opportunity to rebut significant portions of the evidence that the Department used against it, the Department did not afford it adequate procedural protections.

803 F.3d at 1079. This Court concludes that it would be prudent and efficient to afford the State Department the opportunity to correct these errors identified by the Ninth Circuit before itself taking up the case once more. As the State Department indicates, it is possible that voluntary remand will obviate the need for further litigation should the State Department decide not to impose sanctions or should

ASSE opt not to challenge future sanctions imposed after it was given adequate procedural protections to contest them. The Court now turns to ASSE's requests that before remanding the case, this Court both spell out exactly what process is warranted on remand and vacate the sanctions currently in place.

## B. Procedural Protections on Remand

 ASSE seeks an order from this court directing the State Department, upon remand, to provide ASSE with (1) the whole administrative record; (2) all evidence in the State Department's possession that is adverse to is position respecting sanctions; and (3) a privilege log to Plaintiff's counsel that describes which documents it deems to be privileges and the basis for the asserted privilege for each document. (Pl.'s Opp'n Br. at 8.)

The Court declines to prospectively order the State Department to provide the process it seeks. It will instead leave the State Department free to determine, in light of the Ninth Circuit's order in this case and any other pertinent authority what due process protections are appropriate here. When considering whether an administrative decision was ripe for review, the Supreme Court indicated that courts avoid premature adjudication of administrative decisions to keep from "entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized." *See Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). It is this consideration that keeps this court from wading into the due process issue at this time. On remand, the State Department could determine that no further administrative action is warranted.

It could also decide to give ASSE the process it is seeking. If ASSE challenges the action after remand, this Court will be in a position to adjudicate the matter on a full record including, presumably, a full explanation of what process the State Department afforded ASSE and why. The Court will wait until that time to rule on whether the process provided by the State Department was sufficient.

## C. Vacatur of the State Department's Imposition of Sanctions

ASSE requests that the Court vacate the State Department sanctions against it that are at issue in this case before remanding to the State Department for further administrative proceedings. The State Department, somewhat oddly, opposes ASSE's request but nonetheless indicates that upon remand "it intends to vacate the sanctions and consider in good faith whether any further action is appropriate in accordance with the Ninth Circuit's opinion." (Defs.' Br. at 2.)

 Courts faced with a motion for voluntary remand employ "the same equitable analysis" courts use to decide whether to vacate agency action after a "rul[ing] on the merits." *NRDC*, 275 F.Supp.2d at 1143. To decide whether to vacate an agency action on remand under this analysis, courts "look at two factors: (1) the seriousness of an agency's errors and (2) the disruptive consequences that would result from vacatur." *Klamath–Siskiyou Wildlands Ctr. v. NOAA Nat'l Marine Fisheries Serv.*, 109 F.Supp.3d 1238, 1242 (N.D.Cal.2015) (citing *California Communities against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir.2012)). "Put differently, courts may decline to vacate agency decisions when vacatur would cause serious and irremediable harms that significantly outweigh the magnitude of the agency's error." *Id.* (internal quotation marks removed).

The first factor—the seriousness of an agency's errors—is fairly equivocal here. Constitutional errors such as the due process violation alleged here are certainly "serious" ones. *ACLU of Ohio Found., Inc. v. Ashbrook*, No. 01–cv–0556, 2002 WL 1558823, at *2 (N.D.Ohio June 14, 2002). Here, the Ninth Circuit has determined that the State Department failed to provide ASSE adequate procedural protections consistent with the Fifth Amendment's Due Process Clause. *ASSE*, 803 F.3d at 1078–79. Neither the Ninth Circuit nor this Court has, however, determined whether ASSE indeed has a protected property interest in the number of DS–2019 forms that allow it to sponsor EVP program participants or—if so— whether the due process violation it suffered was harmless error. *Id.* at 1079. The gravity of the agency's errors therefore remains in question to a large extent.

Nonetheless, the second factor—the disruptive consequences that would result from vacatur—weighs squarely in ASSE's favor. Many of the decisions in which courts have found this factor weighs against vacatur involve agency rulemaking decisions where a sudden change of course would clearly have disruptive consequences. *See, e.g., Cal. Communities against Toxics*, 688 F.3d at 993–94 (noting that there vacatur would result in public harms such as community blackouts, state legislation, and economic disaster). Similarly, in the context of rulemaking under environmental statutes, the Ninth Circuit has "expressed special concern for the potentially one-sided and irreversible consequences of environmental damage prompted by vacating defective rules during remand." *NRDC*, 275 F.Supp.2d at 1143–44. This case, in contrast, concerns an agency adjudication imposing "lesser sanctions" on a sole entity. These sanctions have three elements: "a written reprimand, a requirement that ASSE provide a corrective action plan, and a 15% reduction in the number of trainees in ASSE's program." *ASSE*, 803 F.3d at 1067. There is no indication that the State Department or anyone else would be seriously harmed or disrupted if the lesser sanctions were vacated while the State Department reconsiders whether ASSE's actions warrant corrective action. Furthermore, the State Department's position is undermined by its statements that it intends to vacate them itself upon remand.

Because the first factor is fairly equivocal and the second factor cuts sharply in favor of vacatur, this Court will vacate the lesser sanctions imposed on ASSE.

## IV. CONCLUSION

The Court VACATES the lesser sanctions imposed on ASSE in this case and GRANTS the State Department's motion to remand the case to it for further consideration. This action is STAYED. The parties shall file a joint status report no later than 120 days from the date of this Order, apprising the Court of the need for any additional proceedings in this case.