NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONNA MARIE DAWSON, Plaintiff-Appellant, v. MARY ANN VALDEZ, Personally and Professionally; et al., Defendants-Appellees. | No. 19-16216 D.C. No. 2:18-cv-04829-DLR MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 3, 2020**

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Donna Marie Dawson appeals pro se from the district court's judgment

dismissing her employment action alleging discrimination based on her disability.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on

the basis of the applicable statute of limitations.  *Ellis v. City of San Diego*,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

176 F.3d 1183, 1188 (9th Cir. 1999).  We affirm.

The district court properly dismissed Dawson's disability discrimination claim because Dawson failed to file her claim within the applicable limitations period, and failed to allege facts sufficient to establish that the EEOC rescinded the notice of right to sue on her disability discrimination claim.  *See* 42 U.S.C. § 2000e-5(f)(1) (setting forth 90-day period in which Title VII complainant may bring a civil action); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121-22 (9th Cir. 2007) (90-day period operates as a limitations period; if a litigant does not file suit within 90 days of receipt of the notice of right to sue, the action is time-barred); *see also Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1243-44 (9th Cir. 2010) (Americans with Disabilities Act adopts the procedure set forth in § 2000e-5); *Lute v. Singer Co.*, 678 F.2d 844, 846-47 (9th Cir. 1982) (90-day period from original right-to-sue notice did not apply because EEOC rescinded the notice within the 90-day period in which suit may be brought).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests, including Dawson's request set forth in the opening brief for a protective order and sanctions, are denied.

**AFFIRMED.**

19-16216